COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


CHARLES WALKER

v.      Record No. 1175-03-2

CHESTERFIELD COUNTY
 DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 14, 2003


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

(Aileen F. Tucker; Bowen, Champlin, Carr & Rockecharlie, on
brief), for appellant.

(Michael S. J. Chernau, Senior Assistant County Attorney, on brief),
for appellee.


Charles Walker appeals a decision terminating his parental rights to his son. Walker

contends the evidence was insufficient to support the termination. Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence

established Walker's son was born on March 15, 1990. In 1995, Walker was convicted of

murder and sentenced to death. He remains incarcerated awaiting his execution.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The child's mother is also in prison. When the mother was imprisoned, she left the child in the care of his maternal grandmother. When his grandmother died in 1996, the child resided with his maternal aunt and uncle until they petitioned to be relieved of custody because they were unable to manage his behavior. On October 25, 2000, the Chesterfield County Department of Social Services obtained custody of the child. The Department implemented an initial foster care plan of "return home" upon the expectation that the child's mother would be paroled from prison in July 2001. The child was placed in a therapeutic foster home in November 2000 because he was severely emotionally disturbed. Despite extensive counseling and psychiatric services, he continued to exhibit verbal and physical aggression. He was hospitalized three times in an effort to stabilize his behavior, and he was treated at the Virginia Treatment Center for Children for eight months in 2001. He has thrived since his return to a therapeutic foster home. His foster parents are prepared to adopt him.

Nothing in the record indicates that Walker has ever had any relationship with his son or that he has attempted to contact his son or plan for his son's care. In his ruling, the trial judge cited Walker's incarceration, his lack of contact with the child, and the child's need for structure and stability.

## ANALYSIS

In pertinent part, Code § 16.1-283(C)(2) provides that "[t]he residual parental rights of a parent . . . of a child placed in foster care as a result of court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child" and that the following conditions exist:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental

health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

Because "'[r]easonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case," Ferguson v. Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992), we have held that the trial judge "must determine what constitutes reasonable and appropriate efforts given the facts before the court." Id. at 338-39, 417 S.E.2d at 4.

Walker contends the Department failed to demonstrate that terminating his parental rights would be in the child's best interest or that he was "unwilling or unable" to remedy the conditions which led to the child's placement into foster care. He also argues that the Department failed to provide reasonable and appropriate services to assist him. The trial judge found, however, that the Department's actions were reasonable under the circumstances and that Walker's incarceration limited the agency's capacity to remedy his deficiencies as a parent.

In Ferguson, we held as follows:

[W]hile long-term incarceration does not, per se, authorize termination of parental rights or negate the Department's obligation to provide services, it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination.

Id. at 340, 417 S.E.2d at 5. The evidence proved that Walker has been incarcerated for most of the child's life. Furthermore, no evidence established that Walker had contact with his child

during the period of incarceration. In addition, the record contains expert testimony that the child needed stability to ensure improved development.

The trial judge found that the Department had fulfilled its duties under the statute. We will not disturb this finding because the record indicates that it was not plainly wrong or without evidence to support it. Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). Thus, the record supports the trial judge's finding that the Department proved by clear and convincing evidence that the best interests of the child would be served by terminating father's parental rights pursuant to Code § 16.1-283(C)(2).

Accordingly, we summarily affirm the decision. See Rule 5A:27.

Affirmed.